IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
July 21, 2009 Session

## STATE OF TENNESSEE v. DARIUS MONTEZ EDWARDS

Appeal from the Criminal Court for Davidson County
No. 2007-B-1007   Cheryl Blackburn, Judge

No. M2008-01219-CCA-R3-CD - Filed October 20, 2009

Appellant, Darius Montez Edwards, was indicted in April of 2007 by the Davidson County Grand Jury for premeditated first degree murder and two counts of attempted first degree murder. Appellant subsequently pled guilty to facilitation of first degree murder and facilitation of attempted first degree murder in exchange for the dismissal of the remaining charge. After a sentencing hearing, the trial court sentenced Appellant to twenty-four years for facilitation of first degree murder and eleven years for facilitation of attempted first degree murder. Appellant appeals his sentence. We determine that the trial court properly sentenced Appellant and, therefore, the judgments of the trial court are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court are Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

F. Michie Gibson, Jr., Nashville, Tennessee, for the appellant, Darius Montez Edwards.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Victor S. Johnson, III, District Attorney General, and Jeff Burks, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

*Factual Background*

In April of 2007, Appellant was indicted for one count of premeditated first degree murder and two counts of attempted first degree murder. At the time of the offenses, Appellant was sixteen years old. His case was transferred from juvenile court to criminal court for disposition as if Appellant were an adult.

In March of 2008, Appellant pled guilty to facilitation of first degree murder and facilitation of attempted first degree murder. The transcript of the guilty plea hearing is not a part of the record on appeal.

At a sentencing hearing held in May of 2008, the trial court heard testimony from several members of one of the victim's families. John Clark, the father of victim Tevin Upkins, testified that he had been depressed since the death of his son. Mr. Clark expressed frustration over the fact that the intended victim of the shooting was the owner of the car in which his son was riding at the time of his death and the intended victim was not inside the car at the time. Tichelle Garrett, a cousin of the victim, informed the court that she "hurts every day." Additionally, the victim's aunt, Belinda Girgby, testified that there were really "no words" to express how deeply the murder of her nephew affected her family.

Alphier Woods, the defendant's grandmother, testified that despite Appellant's admission of his involvement in the events that led to the victim's death, she did not believe that he was involved with the crime. Appellant's father, Ralph Edwards, testified that his son wanted to "make changes" to his life and was not proud of committing the offenses. However, Mr. Edwards insisted that Appellant was taking the blame for something that he did not do. Appellant's great-grandfather, Roscoe Beaty, testified that Appellant informed him that he did not commit the offenses. Appellant's mother also claimed that he informed her he did not commit the offenses.

Appellant testified at the sentencing hearing that on February 12, 2006, he got into a car driven by Brandon Mohammad. Timothy Allen and Kelando Cato were also passengers in the car. Appellant claimed that everyone except for the driver was under the age of eighteen. Appellant admitted that he brought a firearm with him on the trip. According to Appellant, Mr. Cato asked for the gun, and Appellant gave it to him. The men were riding around when they spotted the car of Blue Porter in the Taco Bell parking lot. Appellant claimed that there was an ongoing disagreement between his friends and Mr. Porter over an earlier shooting. The passengers of the two cars began arguing ,and Cato exclaimed "fuck them" before firing a "warning shot." According to Appellant, a chase ensued in which Mr. Cato fired at the other car until its driver crashed into a tree. Appellant and his friends then approached the wrecked car where Mr. Cato continued to fire several more rounds into the car before returning the gun to Appellant. Appellant used the same gun two days later to commit aggravated robbery.

At the conclusion of the hearing, the trial court noted that the 2005 amendments to the sentencing act applied to the case and that several enhancement factors found in Tennessee Code Annotated section 40-35-114 applied to Appellant. The trial court applied one mitigating factor, that Appellant helped the authorities in uncovering offenses committed by other persons. After considering and weighing both mitigating and enhancement factors, the trial court sentenced Appellant to twenty-four years for the conviction for facilitation of first degree murder and eleven years for the conviction for facilitation of attempted first degree murder. The trial court ordered the sentences to run concurrently, for a total effective sentence of twenty-four years.

Appellant filed a timely notice of appeal, challenging his sentence.

*Analysis*

On appeal, Appellant argues that the trial court improperly determined that he was a leader in the commission of the offense. Specifically, Appellant contends that "[i]t is obvious from the record that the Appellant was not a leader in the commission but was given a ride by the leaders in the crimes which the Appellant has pled guilty to." The State argues that Appellant has waived the issue on appeal by failing to cite to the record, include appropriate authority, and failing to provide an adequate record on appeal by failing to ensure that the record included the transcript of the guilty plea hearing. Despite the waiver, the State contends that the trial court properly imposed the sentence because the remaining factors more than supported the sentences.

"When reviewing sentencing issues . . . , the appellate court shall conduct a de novo review on the record of the issues. The review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." T.C.A. § 40-35-401(d). "[T]he presumption of correctness 'is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances.'" *State v. Carter*, 254 S.W.3d 335, 344-45 (Tenn. 2008) (quoting *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991)). "If . . . the trial court applies inappropriate mitigating and/or enhancement factors or otherwise fails to follow the Sentencing Act, the presumption of correctness fails." *Id.* at 345 (citing *State v. Shelton*, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992)). We are to also recognize that the defendant bears "the burden of demonstrating that the sentence is improper." *Ashby*, 823 S.W.2d at 169.

In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, first determines the range of sentence and then determines the specific sentence and the appropriate combination of sentencing alternatives by considering: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts regarding sentences for similar offenses, (7) any statements the defendant wishes to make in the defendant's behalf about sentencing; and (8) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-210(a), (b), -103(5); *State v. Williams*, 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995).

When imposing the sentence within the appropriate sentencing range for the defendant:

[T]he court shall consider, but is not bound by, the following *advisory* sentencing guidelines:

(1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for

each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and

(2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

T.C.A. § 40-35-210(c) (emphasis added). However, the weight given by the trial court to the mitigating and enhancement factors are left to the trial court's discretion and are not a basis for reversal by an appellate court of an imposed sentence. *Carter*, 254 S.W.3d at 345. "An appellate court is . . . bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out in sections -102 and -103 of the Sentencing Act." *Id.* at 346.

"The amended statute no longer imposes a presumptive sentence." *Carter*, 254 S.W.3d at 343. As a result of the amendments to the Sentencing Act, our appellate review of the weighing of the enhancement and mitigating factors was deleted when the factors became advisory, as opposed to binding, upon the trial court's sentencing decision. *Id.* at 344. Under current sentencing law, the trial court is nonetheless required to "consider" an advisory sentencing guideline that is relevant to the sentencing determination, including the application of enhancing and mitigating factors. *Id.* The trial court's weighing of various mitigating and enhancement factors is now left to the trial court's sound discretion. *Id.*

To facilitate appellate review, the trial court is required to place on the record its reasons for imposing the specific sentence, including the identification of the mitigating and enhancement factors found, the specific facts supporting each enhancement factor found, and the method by which the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. *See id.* at 343; *State v. Samuels*, 44 S.W.3d 489, 492 (Tenn. 2001). If our review reflects that "the trial court appl[ied] inappropriate mitigating and/or enhancement factors or otherwise fail[ed] to follow the Sentencing Act, the presumption of correctness fails" and our review is de novo. *Carter*, 254 S.W.3d at 345.

Appellant herein was convicted as a Range I standard offender of facilitation of first degree murder, a Class A felony, and facilitation of attempted first degree murder, a Class B felony. T.C.A. § 39-13-202 & -101. For the Class A felony, Appellant was subject to a sentence of "not less than fifteen (15) nor more than twenty-five (25) years." T.C.A. § 40-35-112(a)(1). For the Class B felony, Appellant was subject to a sentence of "not less than eight (8) nor more than (12) years." T.C.A. § 40-35-112(a)(2). As noted, the trial court sentenced Appellant to twenty-four years for the facilitation of first degree murder and eleven years for the facilitation of attempted first degree murder, to be served concurrently, for a total effective sentence of twenty-four years.

-4-

The trial court applied the following enhancement factors: (1) "[t]he defendant was a leader in the commission of an offense involving two (2) or more criminal actors;" (2)"[t]he defendant possessed or employed a firearm, . . . during the commission of the offense;" (3) "[d]uring the commission of the felony, the defendant intentionally inflicted serious bodily injury upon another person, or the actions of the defendant resulted in the death of, or serious bodily injury to, a victim or a person other than the intended victim;" and (4) "[t]he defendant was adjudicated to have committed a delinquent act or acts as a juvenile that would constitute a felony if committed by an adult." T.C.A. § 40-35-114(2), (9), (12), & (16).

Appellant complains that the trial court improperly determined that he was a leader in the commission of the offense. While the State properly notes that the record does not contain the transcript of the guilty plea hearing in which the State presumably set forth a factual basis for the plea, Appellant's own testimony from the sentencing hearing indicated that he was in a car with at least three other young men while the crime was committed. Appellant argues on appeal that his "role was limited that day" but his own testimony was that he was aware of an ongoing "beef" with Blue Porter, the owner of the car that contained the victims. Further, Appellant admitted that he was the person that provided the gun that ultimately killed the victim and was used to shoot at other people. Appellant was clearly a facilitator in the commission of these offenses. We find that under the facts presented in the record on appeal, the trial court properly determined that Appellant was a leader in the commission of the offense. Even if the trial court had improperly applied this enhancement factor, the application of the remaining enhancement factors amply supports the enhancement of Appellant's sentence. Appellant is not entitled to relief from his sentence.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE